# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERICA JACKSON, | : |
| Plaintiff, | : **Hon. Joseph H. Rodriguez** |
| v. | : Civil Action No. 16-1705 |
| PMAB, LLC, | : |
| Defendant. | : **OPINION** |

Presently before the Court is Plaintiff Erica Jackson's Motion for Summary, Defendant PMAB, LLC's Cross Motion for Summary Judgment and Motion for Leave to File a Sur-Reply.[1] The Court has considered the written submission of the parties and for the reasons that follow will deny both motions for summary judgment because genuine issues of material fact preclude summary judgment.

## I. Background

Plaintiff Erica Jackson ("Jackson") commenced this action against Defendant PMAB, LLC ("PMAB") under the Fair Debt Collections Practices Act, 15 U.S.C. §1692, et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. The TCPA, the only remaining claim in this case, prohibits calling any person on a cellular telephone number using a prerecorded or automated voice except for emergency purposes placement or where the call is "made with the prior express consent of the called party[.]") 47 U.S.C. § 227(b)(1)(A)(iii). Jackson contends that PMAB initiated 111

---

[1] Defendant PMAB's Motion for Leave to File a Sur-reply is denied.

1

calls to her cellular telephone number ending in 4171, without her consent, between April 1, 2014, and December 17, 2015. See Def. Supplemental Responses to Interrogatories, Ex. E. No. 14; Def. Account Notes, Ex. F.  PMAB does not deny making the calls.  PMAB contends that it had permission from Darryl Cochran ("Cochran"), Jackson's boyfriend, to call the 4171 telephone number and that Cochran had permission from Jackson to use her number.

PMAB placed telephone calls to 4171 in an attempt to collect money from Cochran owed to South Jersey Health System, A.K.A. Inspira ("Inspira"). See Def. Supplemental Responses to Interrogatories, Ex. E. No. 14; Def. Account Notes, Ex. F. at p. 1.; Def.  Responses to Interrogatories, Ex. G. No. 11; Inspira Records, Ex. H. PMAB conceded, for this case only, that the calls made to Jackson's 4171 number were made with an automated telephone dialing system as defined by the TPCA. See Dec. of Rachel Stevens, Ex. C. at ¶¶ 7-8.); Def. Account Notes, Ex. F.; Def.'s Responses to Interrogatories Ex. G. at No. 8. Inspira's records show Cochran provided Jackson's 4171 number to Inspira during intake when he sought medical treatment. See Inspira Records, Ex. H.  The 4171 number is Jackson's cellular telephone number and Cochran is not the owner of the phone and he does not pay the bills associated with her account; he has his own cellular telephone. See Pl. Responses to Interrogatories, Ex. A., Second Set Nos. 8, 10, 11, 15, and 20; Statement of Cochran, Ex. J.; Dec. of Pltf., Ex. D., ¶ 7. However, both Cochran and Jackson testify that Cochran is permitted emergency use of Jackson's 4171 cellular telephone but must ask for permission and then use the phone in Jackson's presence. See Dec. of Pltf., Ex. D., ¶¶ 8-9, ¶ 12. Jackson claims she did not give

Cochran permission to give her 4171 cellular telephone number to Defendant or Inspira. Id. at ¶11.

Jackson seeks damages for violations of the TCPA because Defendant called her cellular telephone 111 times without her express consent. Cochran is not a party to this action. PMAB cross moves for summary judgment because it claims that Cochran had Jackson's consent, and thereby her consent, to contact him on Jackson's cellular number. Jackson disputes this and moves for summary judgment on this basis.

## II. Standard of Review

A court will grant a motion for summary judgment if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)); accord Fed. R. Civ. P. 56 (c). Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).

An issue is "genuine" if supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable

to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  Andersen, 477 U.S. at 256-57.  Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the finder of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

III.    Analysis

The TCPA was amended in 1991 to address calls to personal cellular phone with the goal of protecting consumers from "intrusive and unwanted calls." Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 268 (3d Cir. 2013) (citing Mims v. Arrow Fins. Servs., LLC,

4

565 U.S. 368, 372–73, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012)). The Act prohibits, *inter alia,* four principal practices. See 47 U.S.C. § 227 (b) (1). Relevant here is the proscription of the placement of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." Id. § 227 (b) (1) (A) (iii). Prior express consent, pursuant to the TCPA, is given when "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." Rules and Regulations Implementing the Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8769 (1992). In this regard, "prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Rules and Regulations Implementing the Consumer Protection Act of 1991, 23 FCC Rcd. 559, 564-65 (2008); see also Chisholm v. AFNI, Inc., No. CV 15-3625 (JBS/JS), 2016 WL 6901358, at *5 (D.N.J. Nov. 22, 2016).

Courts determining whether a plaintiff has given "prior express consent[,]" must grapple with the tension between individual privacy rights and the freedom of commercial speech. See Telephone Consumer Protection Act, Pub. L. No. 102–243, § 2(9), 105 Stat. 2394 (1991) (codified as amended at 47 U.S.C. § 227); see Leyse v. Bank of Am. Nat. Ass'n, 804 F.3d 316, 326 (3d Cir. 2015). The creditor bears the burden to demonstrate that the recipient of a call provided prior express consent. Evankavitch v. Green Tree Servicing, LLC, 793 F.3d 355, 366 (3d Cir. 2015). The recipient of a call, however, may differ from the intended target. The Act does not offer a definition of the

phrase "knowingly released" within the considerations of whether prior express consent exists. However, courts must adhere to the guidance promulgated by the Federal Communications Commission ("FCC"). See Hartley–Culp v. Green Tree Servicing, LLC, 52 F. Supp. 3d 700, 703 (M.D. Pa. 2014); see also Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1119–21 (11th Cir. 2014); Gager, 727 F.3d at 268–69 (citing 47 U.S.C. § 227(b)(2)).

According to the FCC, the manner in which a business obtains a telephone number informs the consideration of whether a number was "knowingly released" and, therefore, permissible to call. See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 FCC Rcd. 559, 563 (Jan. 4, 2008) ("2008 Ruling"). The FCC's 2008 Ruling clarifies that calls made to a cellular telephone number "provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party." Id. at 559, 564 (emphasis added). Courts have consistently interpreted the "called party" to mean the actual recipient of the call and not the intended recipient. Leyse v. Bank of America Nat. Ass'n, 804 F. 3d 316, 325 (3d. Cir. 2015) (concluding that under the Act, the called party is the recipient of the call, and may differ from the intended recipient of the call); Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012) (ruling that the called party "means the person subscribing to the called number at the time the call is made" as opposed to the intended recipient). Even where the owner of the cellular telephone number changes prior to an attempt to collect a debt, leaving the collection agency at a distinct disadvantage, courts have ruled in favor of the called party ruling that the unawares collector is in violation of the TCPA. See Soppet, 679 F.3d at 643; see also Gager, 727

F.3d 265 (noting the broad protections afforded called parties under the Act). Thus, a debt collector is strictly liable under the Act if it attempts to collect a debt by way of an automated dialing system without the prior express consent of the called party/recipient of the call. The Third Circuit notes that this seemingly harsh outcome is fair because "creditors are permitted to attempt live, person-to-person calls in order to collect a debt." Gager, 727 F.3d at 274.

Against this back drop, this Court confronts a unique factual situation: Jackson permits Cochran to list her cellular phone number in certain circumstances. PMAB contends that the record evidence demonstrates that Cochran uses Jackson's phone number with permission and therefore, PMAB had Jackson's consent to call her in the attempt to collect Cochran's debt. In a similar case, the Eleventh Circuit Court of Appeals held that summary judgment cannot be granted under the Act where facts relevant to the scope of one person's authority to list another person's cell phone as a contact are in dispute. See Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

In Osorio, the plaintiff's housemate gave plaintiff's cellular telephone number to defendant as a contact number, but stated she provided it for emergencies only. Id. at 1242 (Defendant used an automated calling system to attempt to collect housemate's debt and called plaintiff's cellular phone number, alleging it was provided as housemate's work number. In reversing the district court's grant of summary judgment in favor of plaintiff, the Eleventh Circuit held that genuine issues of material fact existed as to whether housemate had plaintiff's consent, and thereby defendant had plaintiff's consent, when housemate gave defendant plaintiff's phone number. Id. at 1252-53.

7

Although housemate and plaintiff shared a cell-phone plan, the Court, adopting the Third Circuit's common law concept of consent as articulated Gager,[2] found that credibility issues must inform the contours of the consent housemate had to use plaintiff's cellular number as a contact.

Here, Jackson and Cochran testify inconsistently as to the scope of the consent Jackson affords Cochran. Ex. B., Cochran Dep., 52:2-11. Cochran states that he never gives out his cellular number and will use Jackson's or his mother's number instead. Id. 51:24-52:1. Cochran testifies that he had Jackson's permission to provide Inspira with her number ending in 4171 so that Inspira could contact him and that he provided the number during the registration process. Id. 61:1-13; B. 59:17-24. The record reflects other instances where Cochran may have used Jackson's number that go beyond the parameters set forth in Jackson's deposition testimony. Specifically, Jackson believed that calls from DirectTV were an attempt to collect a debt owed by Cochran. Ex. A., Jackson Dep., 62:24-63:24. As a result, there are genuine issues of material fact related to whether Jackson, as the called party, provided express consent to Cochran to list her number for all communication that flowed from Cochran's treatment at Inspira. As a result, the credibility of both Jackson and Cochran is at issue and summary judgment is denied as to the whether PMAB violated the Act.

In addition, there is no evidence in the record, even assuming that Cochran was mistaken as to his authority to use Jackson's cellular number, that PMAB willfully

---

[2] " "Consent" is such a term, as the Third Circuit aptly explained: Under the common law understanding of consent, the basic premise of consent is that it is "given voluntarily." Black's Law Dictionary, 346 (9th ed. 2009); Restatement (Second) of Torts § 892 ("Consent is a willingness in fact for conduct to occur."). Osorio, 746 F. 3d at 1253 (quoting Gager 727 F. 3d at 270-71).

violated the TPCA in a manner that warrants treble damages. Violations of the TCPA allow a successful plaintiff to recover his actual monetary loss or $500 for each violation, whichever is greater. 47 U.S.C. § 227(b)(3)(B). A court may, in its discretion, award treble damages where a defendant's violations are committed "willfully or knowingly." 47 U.S.C. § 227 (b) (3). Cochran had permission to use Jackson's number in certain circumstances and gave that number to Inspira, without providing his own number or indicating that the number did not belong to him. For this reason and because the record before the Court lacks evidence tending to support even an inference of an intentional violation of the statute by PMAB, summary judgment is granted on the issue of treble damages under the TCPA.

## IV. Conclusion

For the reasons set forth above, Jackson's motion for summary judgment is denied. PMAB's motion for summary judgment is granted in part as to the issue of willfulness and denied as to liability. PMAB's motion for leave to file a sur-reply is denied.

An appropriate Order shall issue.

Dated: September 28, 2017

s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ,
United States District Judge
